UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>JAMES L. BEYERSDORF,<br><br>Defendant/Respondent. | No. 2:24-cv-02253-DAD-JDP<br><br>ORDER COMPELLING DEFENDANT/RESPONDENT TO SHOW CAUSE WHY JUDGMENT SHOULD NOT BE ENTERED AGAINST HIM PURSUANT TO SECTION 21(e) OF THE SECURITIES EXCHANGE ACT OF 1934<br><br>(Doc. No. 1) |

This matter is before the court on the Application of the Securities and Exchange Commission (the "SEC"), filed on August 19, 2024, for an order compelling defendant/respondent James L. Beyersdorf to show cause why a judgment should not be entered against him pursuant to Section 21(e) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(e)(1), to enforce compliance with the Order Making Findings and Imposing Remedial Sanctions and a Cease-and-Desist Order Pursuant to Section 21C of the Exchange Act, Sections 203(e), 203(f), and 203(k) of the Investment Advisers Act of 1940, and Section 9(b) of the Investment Company Act of 1940 (the "Administrative Order"), entered on consent against respondent Beyersdorf on August 20, 2019 pursuant to an administrative proceeding entitled *In the Matter of Financial Sherpa, Inc., and James L. Beyersdorf*. (Doc. Nos.

1

1, 1-2.) The Administrative Order required respondent Beyersdorf to pay disgorgement of $232,166, prejudgment interest of $15,268, and a civil penalty of $189,427. (Doc. No. 1-3 at 6–12). The court finds it appropriate for an order to show to cause to issue at this time. *See S.E.C. v. McCarthy*, 322 F.3d 650 (9th Cir. 2003) (holding that the SEC had standing to seek district court enforcement of an order affirming sanctions on a brokerage firm's officers, but that the officers were entitled to an opportunity to respond to the application seeking enforcement, and that the district court should have "set a briefing schedule," "issued an order to show cause," or "set a hearing on the matter").

Accordingly,

1. Plaintiff/Petitioner's application for an order compelling respondent to show cause why a judgment should not be entered against him (Doc. No. 1) is hereby granted;

2. Defendant/Respondent shall appear before this court in Courtroom 4 of the courthouse located at 501 I Street, Sacramento, California 95814 on January 6, 2025 at 1:30 p.m. and show cause at that time why a judgment should not be entered against him pursuant to Section 21(e) of the Exchange Act, 15 U.S.C. § 78u(e)(1);

3. The SEC shall personally serve defendant/respondent with this order, and file a proof of service evidencing the same, on or before December 9, 2024;

4. Defendant/Respondent shall serve and file any opposing papers by December 23, 2024, and service shall be made by delivering the papers by that date to Jennifer A. Youngs, Securities and Exchange Commission, at 100 F Street NE, Mail Stop 5631, Washington, D.C. 20549-5631 or via email to YoungsJ@sec.gov;

5. The SEC may serve and file reply papers by December 30, 2024, and service shall be made by delivering the papers by that date to defendant/respondent at the address he designates in his opposition papers or, if he designates an e-mail address, via e-mail to that address;

6. If defendant/respondent fails to file opposing papers and/or fails to appear at the scheduled hearing, the court may find defendant/respondent in default and enter an

appropriate order against defendant/respondent at such time without further notice being given; and

7. The Initial Scheduling Conference set for January 14, 2025, and any other dates and deadlines laid out in the court's standing order (Doc. No. 3-1) are hereby vacated, as such dates were set as a result of this case being inadvertently categorized as a civil case instead of a miscellaneous case.

IT IS SO ORDERED.

Dated: **November 22, 2024**

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3