UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>JAMES L. BEYERSDORF,<br><br>Defendant/Respondent. | No. 2:24-cv-02253-DAD-JDP<br><br>ORDER ENTERING FINAL JUDGMENT UPON CONSENT<br><br>(Doc. No. 8) |

This matter first came before the court on the Application of the Securities and Exchange Commission (the "SEC"), filed on August 19, 2024, for an order compelling defendant/respondent James L. Beyersdorf to show cause why a judgment should not be entered against him pursuant to Section 21(e) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(e)(1), to enforce compliance with the Order Making Findings and Imposing Remedial Sanctions and a Cease-and-Desist Order Pursuant to Section 21C of the Exchange Act, Sections 203(e), 203(f), and 203(k) of the Investment Advisers Act of 1940, and Section 9(b) of the Investment Company Act of 1940 (the "Administrative Order"), entered on consent against defendant/respondent Beyersdorf on August 20, 2019 pursuant to an administrative proceeding entitled *In the Matter of Financial Sherpa, Inc., and James L. Beyersdorf*. (Doc. Nos. 1, 1-2.) On November 25, 2024, the court issued an order granting the

1

1  SEC's application and directing defendant/respondent to show cause why a judgment should not
2  be entered against him pursuant to the Exchange Act, and the court set a hearing on the matter for
3  January 6, 2025. (Doc. No. 4.) On January 3, 2025, in light of communication from counsel that
4  a consent to entry of judgment would soon be filed, the court vacated the January 6, 2025 hearing.
5  (Doc. No. 7.) On February 4, 2025, defendant/respondent filed a consent to entry of judgment
6  enforcing the Administrative Order. (Doc. No. 8.)
7       Accordingly, it is hereby ordered that,
8  1.  The Administrative Order be enforced and that judgment is entered in favor of the
9      SEC and against defendant/respondent Beyersdorf for disgorgement in the amount
10     of $232,166, plus prejudgment interest of $15,268, and a civil penalty in the
11     amount of $189,427, and including all accrued post-order interest pursuant to 31
12     U.S.C. § 3717 and as further set out in the consent to entry of judgment, through
13     the date of entry of judgment;
14 2.  The amount awarded shall be subject to post-judgment interest, pursuant to 28
15     U.S.C. § 1961 from the date of this judgment until the date all money has been
16     paid;
17 3.  Defendant/Respondent may transmit payment electronically to the Commission,
18     which will provide detailed ACH transfer/Fedwire instructions upon request.
19     Payment may also be made directly from a bank account via Pay.gov
20     (https://pay.gov/public/form/start/39621196). Defendant also may pay by certified
21     check, bank cashier's check, or United States postal money order payable to the
22     Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> HQ Bldg, Room 265, AMK-326
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

26     and shall be accompanied by a letter identifying the case title, civil action number,
27     and name of this Court; James L. Beyersdorf as a defendant in this action; and
28     specifying that payment is made pursuant to this final judgment;

    4.    Defendant/Respondent shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, defendant/respondent relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendant/respondent. The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the court's approval. The court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this final judgment to the United States Treasury;

    5.    The court shall retain jurisdiction over this action for all purposes, including to implement and enforce the terms of this final judgment through civil contempt and/or other collection procedures authorized by law; and all other orders and decrees which may have been or may be entered in this case, and to grant such relief as this court may deem necessary and just; and

    6.    Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the application are true and admitted by defendant/respondent, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by defendant/respondent under this final judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). Amounts ordered to be paid as civil money penalties pursuant to this

/////
/////
/////
/////

3

judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.

IT IS SO ORDERED.

Dated: **February 5, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4